## McKibben vs. The State.

Fines, Penalties, etc.: *Payable in County Warrants.*

Under the provision of the Act of December 14th, 1875, requiring fines, penalties, etc., to be paid into the County Treasury, such fines, penalties, and forfeitures are to be treated as debts accruing to the county, and are payable in county warrants.

McKibben vs. The State.

APPEAL from *Crawford* Circuit Court.

Hon. W. W. MANSFIELD, Circuit Judge.

*Att'y Gen'l Hughes,* for State.

ENGLISH, CH. J.:

The judgment in this case was rendered in the Circuit Court of Crawford County, at the March term, 1876.

The transcript after the usual caption, is as follows:

"*The State of Arkansas* v. *Daniel A. McKibben.* Indictment for misdemeanor.

"This day (April 7) the said Daniel A. McKibben appeared by B. J. Brown, Esq., his attorney, and offered to pay to the sheriff the sum of $200, the fine for which the judgment herein was rendered against him, in Sebastian County warrants, and $49.56 in lawful money of the United States, that being the full amount of costs taxed herein against him, and thereupon moved the court to order the sheriff, who was at the bar of the court, ready to submit to such order as the court might make in the premises, to receive the same in satisfaction of said fine and costs, and to discharge him from custody; but the court being of opinion that county warrants were not receivable in payment of fines assessed in such cases of misdemeanors or convictions on indictments, refused to order the said sheriff to accept said county warrants in payment of the fine and costs, and to discharge the defendant from custody; to which decision the defendant excepted, and prays an appeal to the Supreme Court, which is granted, and by consent of John F. Wingfrey, said sheriff, who voluntarily appeared, and resisted said motion, etc., this entry is ordered to be taken as though the question decided had been made in a regular proceeding," etc.

By act of 23d March, 1871, fines, penalties and forfeitures imposed by any court, board or officer (except such as were imposed by city courts for violation of ordinances) were made

part of the general school fund, and payable into the State Treasury.    Gantt's Digest, secs. 5289-5303.

But by Act of December 14th, 1875, entitled:

" An act requiring fines and penalties to be paid into the county treasury for county purposes." "All fines, penalties, and forfeitures, imposed by any court, board, or officer whatever, shall be paid into the county treasury where imposed, for county purposes; *Provided*, that all fines and penalties of city courts and incorporated towns for violation of city or town ordinances, not defined as offences against the State, may be retained by the city or towns for the maintainance of such city or towns."

No doubt the purpose of the legislature was to divert from the general school fund, fines, etc., imposed in criminal prosecutions, etc., and give them to the counties, in which they may be imposed, which have to pay the expenses of such prosecutions, etc.

Such fines, etc., we think are now to be treated as debts accruing to the county, and may be paid in county warrants, or scrip, as commonly called.    Gantt's Digest, sec. 610.

But the transcript before us shows that the appellant offered to pay to the sheriff Sebastian County Warrants, in satisfaction of a fine imposed upon him, for a misdemeanor, in the Circuit Court of Crawford County,   Why, or upon what ground appellant claimed to pay a fine imposed in Crawford, in Sebastian County warrants, is not shown in the transcript before us.

It may be that he was indicted in Sebastian, and tried and fined on a change of venue to Crawford, but this is not made to appear.

Possibly there is a clerical error in the transcript, but it is not the practice of this court to open a submission of its own motion, and award a *certiorari* to bring up a corrected transcript, or omitted matter, for the purpose of reversing a cause.

The judgment must be affirmed, but without prejudice to appellant should his motion be reversed in the court below, upon a different showing of facts.